


**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY

**MEMO ENDORSED**

**BRIAN FRANCOLLA**
*Assistant Corporation Counsel*
Tel.: (212) 788-0988
Fax: (212) 788-9776

April 29, 2008

**BY HAND DELIVERY**
Honorable Kevin Nathaniel Fox
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 540
New York, New York 10007-1312

        Re: <u>Anthony Medina v. Warden Gonzalez, et al.</u>, 08 CV 1520 (BSJ) (KNF)

Your Honor:

        I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to handle the defense of the above-referenced matter. I write further to my letter to the Court dated March 31, 2008, wherein this Office advised the Court that we had received a courtesy copy of the complaint, but that we would take no action until a proper party defendant whom the City could represent was served. From a review of the docket sheet, it appears that Correction Officer Bowden, Correction Captain Boyd, Correction Officer Trail and Correction Officer McDonald were recently served with a copy of the summons and complaint in this action[1]. The docket was updated on April 23, 2008 to reflect service on each Officer. I apologize to the Court and plaintiff for the fact that each Officer's answer appears past due, and respectfully request that this Office be granted forty-five days from today, until June 13, 2008, in which to investigate service, resolve representation issues, and if appropriate, to answer or otherwise respond to the complaint on behalf of Officers Bowden, Trail, McDonald and Captain Boyd. I write directly to the Court because plaintiff is incarcerated and proceeding *pro se* in this matter. This is the first request for an enlargement of time.

        Pursuant to Section 50-k of the New York General Municipal Law, this Office must determine, based on a review of the case, whether we may represent each Officer. Each Officer must then decide whether he wishes to be represented by this Office. See <u>Mercurio v. The City of New York, et al.</u>, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting <u>Williams v. City of New York, et</u>

---

[1] From a review of the docket sheet, it appears that service was attempted and unexecuted as to the individuals identified in the caption of the complaint as Warden Gonzalez, Correction Captain Menge, Correction Captain S. Graham and Correction Officer M. Lonnborg. Moreover, upon information and belief, these individuals have not been served with a copy of the summons and complaint in this action or requested representation from the Office of the Corporation Counsel, and therefore are not defendants in this action. Without making any representation on behalf of these individuals, it is respectfully requested that, in the event they were served, their time to respond to the complaint similarly be enlarged so that their defenses are not jeopardized while representational issues are being decided.

al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain the Officer's written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

   In view of the foregoing, it is respectfully requested that the Court grant the within request. Thank you for your consideration herein.

Respectfully submitted,

Brian Francolla<br>
Assistant Corporation Counsel<br>
Special Federal Litigation Division

cc: Mr. Anthony Medina (By mail)<br>
  Plaintiff *Pro Se*<br>
  DIN # 99-A-2999<br>
  Wende Correctional Facility<br>
  PO Box 1187<br>
  Alden, New York 14004-1187

5/13/08

On or before June 13, 2008, any defendant who has been served the summons and complaint must answer the complaint or move with respect to it.

SO ORDERED:

/Kevin Nathaniel Fox/

Hon. Kevin Nathaniel Fox<br>
United States Magistrate Judge